UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TIFFANEY HURST,<br><br>*Plaintiff,*<br><br>v.<br><br>KILLEEN INDEPENDENT SCHOOL DISTRICT,<br><br>*Defendant.* | No. 6:24-CV-00272-CRW-DTG |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Derek T. Gilliland regarding Defendant's Motion to Dismiss (Dkt. No. 11). Dkt. No. 14. The report recommends that Defendant's motion (Dkt. No. 11) be **GRANTED**. The Report and Recommendation was filed October 6, 2026. This Court hereby adopts Judge Gilliland's Recommendations.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Plaintiff filed objections to the report and recommendation on October 22, 2026. Dkt. No. 15. Plaintiff asks the Court to consider the timeliness of her administrative filing and any exceptions to the filing deadline. *Id.* at 3–4. The Court has conducted a *de novo* review of the motion (Dkt. No. 11), Plaintiff's response to the motion (Dkt. No. 12), Defendant's reply to Plaintiff's response (Dkt. No. 13), the Report and Recommendation (Dkt. No. 14), Plaintiff's objections to the Report and Recommendation (Dkt. No. 15), and the applicable laws and record of the case.

After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted. The Court agrees with Judge Gilliland that Plaintiff's claims for involuntary leave and termination are time-barred. Plaintiff filed the Equal Employment Opportunity Commission (EEOC) Charge of Discrimination eight days beyond the 300-day deadline, and she did not amend the charge to include the termination claim. Further, the Court agrees with Judge Gilliland that Plaintiff did not exhaust her administrative remedies as to her discrimination claim. Employees must base their Title VII claims on an action previously asserted in a formal charge of discrimination to the EEOC or which could reasonably be expected to grow out of the charge of discrimination. Plaintiff did not allege discrimination based on race or color to the EEOC. *See* Dkt. No. 11-1. Defendant's motion to dismiss should therefore be granted.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Derek T. Gilliland (Dkt. No. 14) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Killeen Independent School District's Motion to Dismiss (Dkt. No. 11) is **GRANTED.**

So ordered on November 17, 2026.

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE